UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT CHRISTOPHER JIMENEZ,

    Plaintiff,

    v.

MEDICAL HEALTH SERVICES; et al.,

    Defendants.
                               /

No. C 09-2328 SI (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Robert Christopher Jimenez, an inmate at Pelican Bay State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his complaint, Jimenez alleges that the prison system's response to his hepatitis C has been inadequate. On the same day he filed this action, Jimenez also filed a petition for writ of habeas corpus (i.e., Case No. C 09-2329 SI) about his hepatitis C treatment; that habeas petition is being dismissed today in a separate order with directions to present any hepatitis C claims in an amended complaint in this action.

Jimenez alleges that he has been transferred several times and that the treatment for his hepatitis C has stopped and restarted several times. He omits the names of most of the people who have treated/failed to treat him at the several prisons, except that he has provided the names of the medical care providers at Pelican Bay.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993). To establish a claim for an Eighth Amendment violation, a prisoner claiming that prison officials failed to attend to medical needs must establish both (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992). Inmates' mental health needs are among the medical needs covered by the Eighth Amendment. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994); see also Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982) (mental health care requirements analyzed as part of general health care requirements). Neither negligence nor gross negligence is actionable under § 1983 in the prison context. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner).

The complaint here is deficient in that it provides an extremely limited description of Jimenez's problem and essentially calls on the reader to piece together a claim by reading through the exhibits. While that is never an acceptable strategy, it is particularly unhelpful here because the exhibits seem to undermine Jimenez's contention that he has not been receiving

2

proper medical care. The only allegation in the complaint that connects any defendant to Jimenez's medical care is his allegation that he received two shots of medicine at Pelican Bay and then Dr. Rowe and chief medical officer Dr. Sayre denied him any more shots until nine months later, when he was "looked at for retreatment and started April 16, 09." Complaint, p. 5. His exhibits include physician's progress notes that state Jimenez was restarted on treatment on June 24, 2008, his "VL" increased from 177,000 on June 12, 2008 to 232,800 on July 15, 2008, thereafter, his case was discussed at a hepatitis C committee, and he was "considered to be a 'nonresponder', so AVT was discontinued!" Complaint, Exhs. at 7/24/08 physician's progress notes. Another physician's progress note dated August 29, 2008, stated that Jimenez would not let the doctor review his lab reports from August 10, 2008 with him and, "[w]hen asked if he would cooperate/stop the attitude versus my leaving the room, he said 'BYE.'" Complaint, Exhs. at 8/29/08 physician's progress notes. Deliberate indifference is not suggested by discontinuing a medicine to which a patient is not responding. And deliberate indifference is not suggested when a doctor is unable to discuss a patient's condition and lab results with him because the patient won't listen.

Leave to amend will be granted so that Jimenez may attempt to allege how his constitutional rights have been violated. The amended complaint must identify (in each claim) each and every defendant who Jimenez proposes to hold liable on that claim. He must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). For his hepatitis C claim, he should allege what each named defendant did or did not do that indicates deliberate indifference to his hepatitis C condition.

One of the defendants listed is warden Vasquez. There is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or

3

omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Defendant warden Vasquez is not alleged to have played any role in the medical care, and apparently is included as the individual in charge of the institution. That basis of liability would be impermissible respondeat superior liability, so he will be dismissed as a defendant.

Jimenez has also listed several prisons as defendants. The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 237-38 (1985); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Edelman v. Jordan, 415 U.S. 651, 676-77 (1974). Eleventh Amendment immunity also extends to suits against a state agency, such as a prison. See, e.g., Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to 11th Amendment immunity); Allison v. Cal. Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not persons within meaning of Civil Rights Act); Bennett v. California, 406 F.2d 36, 39 (9th Cir. 1969) (California Adult Authority and California Dep't of Corrections not persons within meaning of Civil Rights Act). Because the prisons and the "health care services C.D.C. system" listed as defendants are considered arms of the state, they have Eleventh Amendment immunity and must be dismissed.

Jimenez has requested that counsel be appointed to assist him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. The request for appointment of counsel (which actually was filed with his habeas petition rather than his civil rights complaint) is DENIED.

4

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **November 6, 2009**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: September 29, 2009

_____
SUSAN ILLSTON
United States District Judge