UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CHRISTOPHER JIMENEZ, | No. C 09-2328 SI (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| MEDICAL HEALTH SERVICES; et al., | |
| Defendants. | |

## INTRODUCTION

Robert Christopher Jimenez, an inmate at Pelican Bay State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The court reviewed his complaint, explained the various deficiencies in it, and ordered Jimenez to file an amended complaint curing those deficiencies. His amended complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

This action concerns prison officials' response to Jimenez's hepatitis C. In his amended complaint, Jimenez alleges that on or about June 28, 2004, he received a test result at San Quentin from an unidentified person that indicated that he did not have hepatitis C and did not need treatment. He then was transferred to California State Prison - Solano in October 2004, where he apparently was tested again and was told he did have hepatitis C. He further alleges that a liver biospy was done and he was diagnosed on about June 18, 2007 as having grade 3-4

hepatitis C. He began treatment for his hepatitis C on July 19, 2007, apparently at California State Prison - Solano. He was transferred out of that prison on or about May 9, 2008. First, he went to Corcoran State Prison for a month, where he received some treatment, but not until about two weeks after he arrived and not at the right dosage. Dr. Wang then discontinued his medicines, reportedly because Jimenez was finished with them. See Amended Complaint Exs. (docket # 6, p. 11). Dr. Wang set up an appointment with Jimenez, and on June 4, 2008, said he would order a blood test.

Jimenez then was transferred to Pelican Bay State Prison on June 10, 2008, where he received some hepatitis C treatment for about a month until mid July 2008. On July 15, 2008 his hepatitis C treatment was discontinued by Dr. Linda Rowe. On September 23, 2008, Jimenez's CDC-602 inmate appeal was denied. Dr. Rowe said that Jimenez was a non-responder, and chief medical officer Sayre and family nurse practitioner Risenhoover agreed. The amended complaint is far from clear on this point, but it appears that Rowe, Sayre and Risenhoover decided to stop treatment as a committee. See Amended Complaint, p. 3. Jimenez filed another inmate appeal, and his AVT treatment started again on April 17, 2009.

**DISCUSSION**

A.   Review of Amended Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the

violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993). To establish a claim for an Eighth Amendment violation, a prisoner claiming that prison officials failed to attend to medical needs must establish both (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992). Liberally construed, the amended complaint states a cognizable § 1983 claim against defendants Rowe, Sayre, and Risenhoover for deliberate indifference to Jimenez's medical needs when they allegedly stopped the treatment for Jimenez's hepatitis C in mid-2008.

The allegation about the alleged misdiagnosis at San Quentin does not state a claim for an Eighth Amendment violation. Plaintiff has not identified any defendant for this claim, despite being instructed to do so in the Order of Dismissal With Leave To Amend. An additional reason for dismissal is that the allegations may show negligence but do not state a claim for deliberate indifference. Negligence does not amount to an Eighth Amendment violation and is not actionable under § 1983 in the prison context. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994).

The claims concerning the treatment Jimenez received at other prisons (e.g., Corcoran State Prison and the California State Prison - Solano) are dismissed as improperly joined. See Fed. R. Civ. P. 20(a). Those claims involve separate defendants and a separate series of transactions or occurrences. There also are not common questions of fact or law. The adequacy of the medical care at the different prisons will be judged against Jimenez's medical condition at the time treatment allegedly was denied or delayed. The claim about the care at Pelican Bay also involves a distinct question from the care at other prisons, namely, whether treatment stopped when it was determined that Jimenez was a "non-responder" amounted to deliberate indifference. The amended complaint does not indicate that he was considered a non-responder before he arrived at Pelican Bay.

3

At the end of his amended complaint, Jimenez requested that counsel be appointed to represent him in this action. This request is denied for the same reasons stated in the Order of Dismissal With Leave To Amend, p. 4.

## CONCLUSION

For the foregoing reasons,

1. The amended complaint states a claim for relief under 42 U.S.C. § 1983 against Dr. Rowe, Dr. Sayre and nurse practitioner Risenhoover for an Eighth Amendment violation. The claims concerning medical care at other prisons are dismissed as improperly joined. The dismissal of those improperly joined claims is without prejudice to Jimenez filing a separate action, preferably in the proper venue (which is the Eastern District of California for claims about acts and omissions at the prisons in Corcoran and Solano).

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon the following persons, all of whom apparently work at Pelican Bay State Prison's medical facility.

- Michael Sayre, M.D. (chief medical officer)
- Linda Rowe, M.D.
- family nurse practitioner Risenhoover

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **October 22, 2010**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by such a motion, they must so inform the court prior to the date the motion is due.

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendant no later than **November 26, 2010**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

4

**United States District Court**
For the Northern District of California

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

Plaintiff also should take note that a defendant may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, result in the termination of the action. The plaintiff must "develop a record" and present it in his opposition to dispute any "factual record" presented by a defendant's motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

      c.    If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **December 17, 2010**.

    4.    All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

    5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

5

6. Plaintiff is responsible for prosecuting this case. He must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: July 28, 2010

_____
SUSAN ILLSTON
United States District Judge