UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT CHRISTOPHER JIMENEZ,

    Plaintiff,

    v.

MEDICAL HEALTH SERVICES; et al.,

    Defendants.
                                               /

No. C 09-2328 SI (pr)

**ORDER RE. PLEADINGS, DISCOVERY AND SCHEDULING**

      This action is now before the court for consideration of plaintiff's request to file a second amended complaint and plaintiff's discovery motion, as well as to set a new schedule for dispositive motions.

A.    <u>Request To File Second Amended Complaint</u>

      Robert Christopher Jimenez filed this <u>pro se</u> prisoner's civil rights action under 42 U.S.C. § 1983. The court reviewed his complaint and ordered Jimenez to file an amended complaint that cured several deficiencies the court identified. He then filed an amended complaint, which the court reviewed under 28 U.S.C. § 1915A. The court found that, liberally construed, the amended complaint stated a cognizable Eighth Amendment claim against three defendants and ordered service of process on them. He now wants to file a second amended complaint. To analyze the request, it is necessary to consider the amended complaint also.

      The amended complaint described Jimenez's history of hepatitis C and the response of medical staff members at several other prisons, including Pelican Bay. The court dismissed the claims regarding treatment at prisons other than Pelican Bay as improperly joined. <u>See</u> Order

Of Service, p. 3. With regard to the claims about medical care at Pelican Bay, the court described the amended complaint's allegations:

> Jimenez then was transferred to Pelican Bay State Prison on June 10, 2008, where he received some hepatitis C treatment for about a month until mid July 2008. On July 15, 2008 his hepatitis C treatment was discontinued by Dr. Linda Rowe. On September 23, 2008, Jimenez's CDC-602 inmate appeal was denied. Dr. Rowe said that Jimenez was a non-responder, and chief medical officer Sayre and family nurse practitioner Risenhoover agreed. The amended complaint is far from clear on this point, but it appears that Rowe, Sayre and Risenhoover decided to stop treatment as a committee. See Amended Complaint, p. 3. Jimenez filed another inmate appeal, and his AVT treatment started again on April 17, 2009.

Order of Service, p. 2. The court determined that "[l]iberally construed, the amended complaint states a cognizable § 1983 claim against defendants Rowe, Sayre, and Risenhoover for deliberate indifference to Jimenez's medical needs when they allegedly stopped the treatment for Jimenez's hepatitis C in mid-2008." Order of Service, p. 3. Those three defendants were served with process and have appeared in this action.

Jimenez now requests leave to file a *second* amended complaint. Defendants have not opposed the filing of the second amended complaint but ask the court to screen it under 28 U.S.C. § 1915A. Jimenez thinks his second amended complaint "is need[ed] to properly show the courts the merits of his complaint in claim with full depth and exhibits that show the beginning and end of both." Request To Amend/Second Amended Complaint (Docket # 15), p. 2.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994); Roberts v. Arizona Bd. of Regents, 661 F.2d 796, 798 (9th Cir. 1981).

There are two basic problems with Jimenez's second amended complaint. First, it re-introduces some of the deficiencies that were in the original complaint that were cured in the court-ordered amended complaint. For example, the original complaint was deficient "in that it provides an extremely limited description of Jimenez's problem and essentially calls on the reader to piece together a claim by reading through the exhibits." Order Of Dismissal With

Leave To Amend, p. 2. Jimenez's amended complaint reduced the number of references to exhibits, but the second amended complaint revives the problem. Jimenez's explanation of his medical care claim in the amended complaint was somewhat understandable, but the second amended complaint appears to be less so. Second, the second amended complaint appears to be legally unnecessary. The court already found that a cognizable claim for deliberate indifference was pled. Jimenez wants to show the merits of his claim and explain his story in greater detail in his second amended complaint, but that is not necessary. A pleading does not need to provide a detailed time line or a detailed narrative of the inmate's medical care, but only needs to provide enough information for the court to determine that it states a claim for deliberate indifference to a serious medical need. The amended complaint sufficed to do that. Continued tinkering with a pleading after the court has found that a claim has been stated may result in a plaintiff un-stating a claim if a later version deletes some critical allegation because of the rule that a later pleading supersedes an earlier pleading.[1] Resolution of a case is delayed by repeated amendments of the pleading. For the foregoing reasons, the interests of justice do not support allowing the second amended complaint. Defendants' request to screen the second amended complaint is GRANTED (docket # 17) and plaintiff's request to file the second amended complaint is DENIED (docket # 12 and # 15). The operative pleading is the amended complaint filed on November 5, 2009 (docket # 6).

B.   Discovery Request

Jimenez's "motion - discovery request" is DISMISSED because it was improperly filed. (Docket # 11.) The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when

---

[1] Here, for example, Jimenez neglected to attach to his second amended complaint the exhibit 22 he refers to in the text in the second amended complaint.

3

1  the parties have a discovery dispute that they cannot resolve among themselves should the
2  parties even consider asking the court to intervene in the discovery process. The court does not
3  have enough time or resources to oversee all discovery, and therefore requires that the parties
4  present to it only their very specific disagreements. To promote the goal of addressing only very
5  specific disagreements (rather than becoming an overseer of all discovery), the court requires
6  that the parties meet and confer to try to resolve their disagreements before seeking court
7  intervention. See Fed. R. Civ. P. 37(a); N. D. Cal. Local Rule 37. Where, as here, one of the
8  parties is a prisoner, the court does not require in-person meetings and instead allows the
9  prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although
10 the format of the meet-and-confer process changes, the substance of the rule remains the same:
11 the parties must engage in a good faith effort to meet and confer before seeking court
12 intervention in any discovery dispute.

13    The dismissal of the discovery motion does not mean that Jimenez cannot do discovery.
14 To the contrary, he is free to serve his discovery requests on defendants by mailing his requests
15 to their attorney.  The court notes that Jimenez has listed a written deposition as part of his
16 discovery request.[2] If he wants to conduct a deposition on written questions, he needs to set up

---

[2] The deposition upon written questions procedure may sound like an inexpensive way for a prisoner to do discovery but usually is not. A deposition upon written questions is covered by Rule 31 of the Federal Rules of Civil Procedure. The deposition upon written questions basically would work as follows. The prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendants would have time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have time to send to defendants written re-direct questions for the witness, and the defendants would have time to send to the prisoner written re-cross-examination questions for the witness. When all the questions --without any answers-- are ready, the prisoner would send them to the deposition officer and the officer would take the deposition of the witness. The questions are read by the deposition officer, the responses are reported by a court reporter and the transcript is prepared as it would be for an oral deposition. The deposition officer does not stray from the written script of questions and asks only those questions that are on the list from the prisoner and defendants. To depose a non-party on written questions, that witness must be subpoenaed.

To obtain a deposition upon written questions, the prisoner thus has to pay the witness fee, deposition officer fee, court reporter fee, and the cost of a transcript of the proceedings. The procedure is not much cheaper than an oral deposition unless there are substantial travel expenses that would be incurred to bring the witness to the prisoner or the prisoner to the witness. In addition to the cost, the evidence-gathering ability in such a deposition is quite

such a deposition, arrange for a court reporter and pay the costs associated with such a deposition. It is not defendants' obligation or the court's obligation to do so.

C. Scheduling

Having determined that the amended complaint remains the operative pleading from plaintiff, the court now sets the following new briefing schedule for dispositive motions:

1. Defendants must file and serve their dispositive motion no later than **December 10, 2010**.

2. Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **January 14, 2011**.

3. Defendants must file and serve their reply brief (if any) no later than **January 28, 2011**.

Plaintiff's filings – with his small handwriting written with up to 60 lines of text per page – are unduly difficult to read. All future filings must have no more than 40 lines of text per page if the documents are handwritten (and 28 lines of text per page if the documents are double-spaced).

IT IS SO ORDERED.

Dated: November 1, 2010

                                   SUSAN ILLSTON
                                   United States District Judge

---

limited. The requirement that the questions all be written and shared in advance means that there is no opportunity for follow-up questions when a witness makes a statement that is unexpected. Finally, poorly worded questions will often result in useless answers.

5