UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CHRISTOPHER JIMENEZ, | No. C 09-2328 SI (pr) |
| Plaintiff, | **ORDER ON MISCELLANEOUS MATTERS AND STAYING DISCOVERY** |
| v. | |
| MEDICAL HEALTH SERVICES; et al., | |
| Defendants. | |

In this pro se prisoner's civil rights action, plaintiff alleges that defendants were deliberately indifferent to his serious medical needs. Defendants have filed a motion for summary judgment in which they assert that they are entitled to qualified immunity as well as to judgment as a matter of law on the merits of plaintiff's claim. This matter is now before the court for consideration of several miscellaneous motions plus a scheduling adjustment.

Plaintiff filed a "motion to respond to plaintiff's second amendment complaint request to stay deadline to file dispositive motion" in which he requested an extension of time to file some document until the court ruled on pending requests regarding his proposed second amended complaint. Plaintiff's motion apparently crossed in the mail with the court's order, which was mailed four days after he mailed his motion. Plaintiff's "motion to respond" is DISMISSED as moot because the court has ruled on the requests regarding the proposed second amended complaint. (Docket # 21.)

Plaintiff filed two copies of a document entitled "motion enter exhibits," in which he asked to place in the court record his inmate appeal and prison officials' responses. The "motion enter exhibits" is DENIED. (Docket # 22, # 30.) The court record is not a storage facility for a party's records. Exhibits are to be attached to declarations or pleadings, and the usual purpose of an exhibit is to offer proof of some matter that needs to be proven. There is no pending motion pertaining to the inmate appeals plaintiff filed, and there appears no reason to have those documents in the record. "Entering" the exhibits into the record, as plaintiff requests, accomplishes nothing but cluttering the record and needlessly consuming court resources to deal with the motions.

Defendants' motion to stay discovery is GRANTED. (Docket # 27.) Defendants' motion for summary judgment raises the qualified immunity defense. The U.S. Supreme Court has made it abundantly clear that a district court should stay discovery until the threshold question of qualified immunity is settled. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998); Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). All discovery is STAYED until the court rules on the motion for summary judgment. This ruling means that plaintiff must prepare his opposition to the motion for summary judgment without the benefit of any discovery he has requested from defendants but that they have not yet provided.

In light of the possibility that plaintiff was waiting for discovery or a ruling on any of his several motions before preparing his opposition, the court now sets the following new briefing schedule on defendants' motion for summary judgment:

1. Plaintiff must file and serve on defense counsel his opposition to the motion for summary judgment no later than **February 18, 2011**.

2. Defendants must file and serve their reply brief (if any) no later than **March 4, 2011**.

IT IS SO ORDERED.

Dated: January 11, 2011

_____
SUSAN ILLSTON
United States District Judge

2