UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT C. JIMENEZ,

        Plaintiff,

   v.

ROWE, et al.,

        Defendants.

Case No.  09-cv-02328-SI

**ORDER REGARDING FILING FEE**

Re: Dkt. No. 53

The court has received from plaintiff a letter complaining about the filing fee in this long-closed case.  The precise problem that is the subject of the letter is unclear, as the letter appears to state that prison officials can take only 55% of the balance of his funds to pay a filing fee, that he should not owe multiple filing fees,[1] that multiple filing fees should not be taken all at once, and/or that he should be allowed to hold back funds to pay for incidental expenses.  Docket No.  53.  The theme is that plaintiff thinks prison officials are taking too much from his trust account for filing fees.

When a prisoner is granted *in forma pauperis* status, he may proceed without prepayment of the full filing fee but is obligated to pay the full filing fee as money comes into his inmate trust account.  *See* 28 U.S.C. § 1915(b).  After the initial partial filing fee is paid based on the inmate's account balance and monthly income, the prisoner is put on an installment plan.  The prisoner must

---

[1] Plaintiff owes multiple filing fees because he filed several cases in this district and the Eastern District of California, incurring filing fees in each case.  In cases in which he took an appeal, he incurred further filing fees – for example, in this case he owes a filing fee for the case in the district court, as well as a filing fee for the appeal he filed in the Ninth Circuit and a filing fee for the petition for writ of certiorari he filed in the U.S. Supreme Court.

United States District Court
Northern District of California

"make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," and the agency having custody of the prisoner is responsible for forwarding to the court payments from the prisoner's account each time the amount in the account exceeds $10.00, until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2). When a prisoner owes filing fees in multiple cases, the fees are not collected one at a time. Instead, when a prisoner plaintiff owes monthly installment payments in multiple cases in which he was allowed to proceed *in forma pauperis*, "§ 1915(b)(2) calls for simultaneous, not sequential, recoupment of multiple filing fees." *Bruce v. Samuels*, 577 U.S. 82, 87 (2016).

Applying these principles to plaintiff's situation leads to the conclusion that he is not entitled to relief under any reasonable interpretation of his letter. First, there is no requirement that a prisoner be allowed to keep 55% of the balance in his trust account. Second, because he filed multiple cases, plaintiff owes filing fees for each case and each appeal in which he was granted leave to proceed *in forma pauperis*. Third, there is no requirement that prison officials wait for plaintiff to fully pay off one filing fee before deducting for the filing fees owed in other cases. Prison officials are supposed to forward to the court the appropriate partial filing fee for each case each month. If the prisoner owes five or more filing fees, that can result in prison officials taking 100% of the balance to forward to the courts to pay the filing fees. The Supreme Court has rejected the argument that a prisoner needs only to pay 20% of his monthly income, regardless of the number of cases he has filed. *Bruce*, 577 U.S. at 84-85. Fourth, the *in forma pauperis* statute does not allow a prisoner to hold back money in his inmate trust account to pay for his incidental expenses. Although plaintiff might view his expenses as essential, prisons are constitutionally bound to provide inmates with adequate food, clothing, shelter, and medical care, as well as supplies to draft legal documents and stamps to mail them. *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994); *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977)). If plaintiff believes he is kept in unconstitutional conditions, he could file a new action (although he would owe yet another filing fee if he did so).

1   Harsh though it may seem to Mr. Jimenez, up to all of the money that flows into his account

2   can be taken to satisfy his filing fee obligations if he has five or more filing fees outstanding.  The

3   Supreme Court has made clear that the statute authorizes just such a result.  No relief from the filing

4   fee obligation is available for plaintiff.

5   **IT IS SO ORDERED**.

6   Dated: January 21, 2021

7   _____

8   SUSAN ILLSTON
    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California